EASTERN DIST.
*March*, 1840.

ATCHAFALAYA BANK *VS*. BANKS ET AL.

ATCHAFALAYA
BANK
*VS*.
BANKS ET AL.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF
NEW-ORLEANS.

The *failure* of one of the sureties to demand the benefit of division, *at the trial*, does not authorize a judgment *in solido* against him, but leaves him liable for the whole debt in case of the insolvency of his *co-sureties*.

In case a surety demands the benefit of division at the trial, judgment *must* be for his *virile* share, *absolutely;* it cannot be for a larger sum; but not having done so, he must remain *liable* in case of the future insolvency of his co-sureties.

This is an action against the makers and endorsers of six promissory notes, for five thousand five hundred and twenty-five dollars each, secured by mortgage.

The plaintiffs show that they are the holders of these six notes; two of which are signed by James Ogilvie, February 24, 1837, and made payable to the order of, and endorsed by John G. Banks, W. H. Sparks, and Thomas K. Price; and the four others signed by John G. Banks, of the same date, and payable to the order of and endorsed by James Ogilvie, W. H. Sparks, and Thomas K. Price; all of them payable in one and two years after date, for five thousand five hundred and twenty-five dollars each, making an aggregate sum of thirty-three thousand one hundred and fifty dollars, with interest and costs of protest, for which the plaintiffs pray judgment, *in solido*, against each name on and to the notes.

Banks and Ogilvie excepted to the jurisdiction of the Parish Court; the former averring himself a resident of the parish of Terrebonne, and the latter of the parish of Jefferson. There was judgment taken by default against the other defendants.

On making this judgment final, the act of sale of two large lots of ground, from Joshua Baldwin to John G. Banks, forming the consideration of the notes sued on, was produced in evidence, which showed they were given for one half of the price, marked *ne varietur*, and identified with and described in

Eastern Dist.
March, 1840.

ATCHAFALAYA
BANK
vs.
BANKS ET AL.

the act of sale and mortgage.    J. Baldwin endorsed these notes in blank over to the Atchafalaya Bank, who are the plaintiffs, and he one of the defendants.

The evidence showed that all the other names on the notes, were for the accommodation of J. G. Banks, as vendee and purchaser of the lots in question from J. Baldwin.

There was final judgment entered against Thomas K. Price, J. Baldwin and W. H. Sparks, *in solido,* for the amount of the notes, interest, &c., from which Price, alone, appealed.

*F. B. Conrad,* for the appellant, contended :

1. The notes are drawn payable to the order of several who are not alleged to be partners.    The interest of the payees, then in the notes and *their right to* transfer the same, were in all of them collectively, not in any one of them. Neither of them could assign more than his interest in the notes, that interest was one third of the amount, and the holder can surely never acquire nor claim more than the party could assign to him.    The endorsement of the notes, therefore, is clearly a joint, not a solidary obligation, as much so as if the endorsers had in so many words stated, " we promise to pay," &c.    The endorsement was a new contract, and the endorsers may be considered as joint makers of the notes. This court has, in a case precisely similar to the present one, already decided that such an endorsement created a joint liability, and that the endorsers can only be made responsible for their virile portions.    See *Barrow* vs. *Norwood,* 3 *Louisiana Reports* 437, and the authorities there referred to by the court. This decision is in accordance with the principles established by the courts of England, and of our sister states, and is borne out by all the writers on the subject.    See *Bayley on Bills,* (*American edition of* 1826) *page* 115, in which reference is made to the decision of this court in Barrow *vs.* Norwood. *Chitty on Bills, page* 123 *; Thompson's Law of Bills of Exchange and Promissory Notes, page* 263 ; 3 *East's Reports,* 104 *; 3 Bosanquet and P's Reports, page* 7.

2. It is contended, however, that though not liable as endorsers for more than the virile share, we are liable for the

whole as surety of the drawer. To this we answer, that plaintiffs have not sued us as sureties. We are charged in the petition as endorsors of the notes, and such in fact we are. Price has no where assumed the obligation of surety. He is not a party to the sale from Baldwin to Banks, and if liable at all, can only be liable as endorser of the notes. Besides, we are sued by a third holder of the notes. If we are sureties, we only are sureties to Baldwin, the vendor, and not to the plaintiffs. The case of Freeland *vs.* Hodge, 12 *Louisiana Reports*, 177, relied upon by plaintiff's counsel, was a suit instituted by the vendor against the vendee, and there this court held, that the endorser was only a surety.

3. We contend, moreover, that the plaintiff should have sued us as sureties, not as endorsers, and then, if we were sureties in any sense, we might have pleaded the right of discussion. The plaintiff by his own pleadings deprived us of that right, and he cannot now hold us in that light. We are, therefore, even as sureties, not liable *in solido*; the plaintiff not having shown the insolvency of any one of the other endorsers, and having himself precluded us from the plea of discussion : *Louisiana Code, article* 3018. This case, however, cannot be distinguished from that of Barrow *vs.* Norwood.

*Hoffman,* for the appellees, relied on the following points and authorities, in support of the judgment below.

1. The record shows, that the appellant's engagement was that of a surety of Banks : See *Louisiana State Bank* vs *Senecal,* 11 *Louisiana Reports,* 29–30 ; that the endorser of an accommodation note is a surety : See the case of *Tulane vs. Wilcox,* 11 *Louisiana Reports,* 51–2 ; also, *Freeland* vs. *Hodge,* precisely this case, 12 *Louisiana Reports,* 179.

2 As surety he was properly condemned for the whole amount : *United States* vs. *Hawkin's Heirs,* 4 *Martin, N. S.* 320–1, and the authorities cited. The principles settled in this case have never been disturbed. These parties contracted since that decision was published, and are bound by the principles settled in that case.

7      VOL. XV.

*margin:*
EASTERN DIST.

*March,* 1840.

ATCHAFALAYA
BANK
*vs.*
BANKS ET AL.

ATCHAFALAYA
BANK
vs.
BANKS ET AL.

3. We say further, that from an examination of the whole transaction, it is evident that a joint and several obligation was intended by the parties.

C. M. Conrad insisted, that the defendants were only liable each one for his *virile* share, and that the judgment must be reversed.

*Martin, J.,* delivered the opinion of the court.

The defendant, Price, is appellant from a judgment which condemns him, as one of the payees and endorsers of the notes sued on, jointly and severally with the others, to pay the amount. He contends that, as the note was not given in a mercantile transaction, the payees not being commercial partners, he was only bound to pay his *virile* part. The appellees urge, that the payees endorsed as sureties of the maker, in the purchase of a tract of land, and that they did not avail themselves at the trial of the right of demanding a division. The failure of one of the sureties to demand a division, does not authorize a judgment *in solido* against him, although it leaves him liable for the whole debt in case of the future insolvency of his co-sureties. The record shows, that the maker of the note gave it in payment of the purchase of a tract of land, after it had been endorsed by the payees. It is, therefore, clear that he was the owner at the time his vendor received the note, and that it had been endorsed for his accommodation. *Nolte et al.* vs. *Their Creditors,* 7 *Martin, N. S.,* 9.

If the appellant had demanded a division, the judgment against him must have been for his *virile* share, absolutely. It cannot be for a larger sum ; but he must remain liable in case of the future insolvency of his co-sureties. See *Louisiana Code,* 3018–19.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be annulled, avoided and reversed ; and proceeding to give such judgment, as in our opinion ought to have been rendered in the court below, it

The *failure* of one of the sureties to demand the benefit of division, *at the trial,* does not authorize a judgment of *in solido* against him, but leaves him liable for the whole debt in case of the insolvency of his *co-sureties.*
In case a surety demands the benefit of division at the trial, judgment *must* be for his *virile* share, *absolutely;* it cannot be for a larger sum ; but not having done so, he must remain *liable* in case of the future insolvency of his co-sureties.

is ordered, adjudged and decreed, that the plaintiff recover of the defendant and appellant, the sum of eleven thousand and fifty dollars, with interest on three thousand six hundred and eighty-three dollars and thirty-three and one-third cents, from February 27, 1838 ; and on seven thousand three hundred and sixty-six dollars and sixty-six and two-third cents, from February 27, 1839, at the rate of five per cent. per annum until paid, and the further sum of twelve dollars for costs of protest and certificates of notices, with mortgage on the property described in the said act, to secure the payment of this judgment, reserving to the plaintiffs their future rights, (if any) against this defendant and appellant in case of the insolvency of his co-payees, or either of them. The costs of the inferior court to be paid by the defendant, and those of the appeal to be borne by the plaintiffs and appellees.